

721 Route 202-206
Suite 200
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

February 2, 2015

<u>VIA ECF</u>

Hon. Michael A. Hammer, U.S. Magistrate Judge
United States District Court, District of New Jersey
M.L. King Jr., Federal Building & Courthouse
4th Floor
50 Walnut Street
Newark, NJ 07102

   Re:  *Mylan Pharmaceuticals, Inc. v. Celgene Corporation*
      U.S.D.C., District of New Jersey
      Civil Action No.: 2:14-cv-02094-ES-MAH

Dear Judge Hammer:

  This firm, along with Jones Day, represents Defendant Celgene Corporation in the above-referenced matter. We write in connection with Judge Salas's Order (D.E. No. 69) granting Celgene's Motion to Certify the Court's December 23, 2014 Order (D.E. No. 54) for interlocutory appeal to the United States Court of Appeals for the Third Circuit (D.E. No. 58). We would like to inform the Court and Mylan of our desire to discuss the impact of this development on discovery at the upcoming status conference scheduled for Thursday February 5, 2015 at 1:30 p.m.

  As directed by that Order, Celgene will be filing a Petition for Permission to Appeal with the Third Circuit within ten (10) days (i.e., on or before February 9, 2015). As Judge Salas recognized in granting Celgene's motion to certify, resolution of the issue certified for appeal in Celgene's favor would terminate the case. If the Third Circuit were to hold, consistent with five other Circuit Courts of Appeals, that the termination of a prior course of dealing is required to allege an actionable refusal to deal under Section Two of the Sherman Act, Mylan's remaining claims against Celgene would be dismissed and the case would come to an end without the need for expensive and protracted antitrust discovery. Indeed in granting the motion to certify, Judge Salas explicitly stated that resolution of the issue on appeal "could potentially eliminate the need for costly discovery and trial" (D.E. No. 69 at 2).

  At the time of filing the motion to certify, Celgene did not seek a stay of proceedings in this Court, believing such a request to be premature. Indeed, while awaiting this Court's ruling on the motion to certify, Celgene has diligently litigated this case, filing its Answer to Mylan's Complaint on January 20, 2015 (D.E No. 63), and coordinating with Mylan to submit a proposed Joint Discovery Plan on January 23, 2015 (D.E. No. 64).

Hon. Michael A. Hammer, U.S.M.J.
February 2, 2015
Page 2

      Now, however, given that the Court has granted Celgene's motion to certify the controlling legal question for appeal, Celgene believes that deferring a decision on whether to proceed with discovery until *after* the proceedings in the Court of Appeals are resolved is appropriate and reasonable, particularly since the decision by the Court of Appeals could lead to an expedited end of this case, as recognized by Judge Salas.  Starting discovery at this point would be very expensive and time-consuming, and the effort would prove entirely unnecessary if the Third Circuit holds that Mylan cannot state a claim under Section 2 of the Sherman Act.  By contrast, a stay would ensure that the time and resources of not only Celgene but also Mylan and the Court are not wasted.

      Celgene respectfully requests Your Honor's guidance regarding the appropriate procedure for staying discovery under these circumstances.  We are prepared to file a formal motion with the Court, to submit a letter request, or to proceed in any manner the Court prefers.  In any event, Celgene will be prepared to discuss this matter at the status conference on Thursday February 5, 2015.

      We thank Your Honor for your patience and understanding, and look forward to discussing this issue at Thursday's status conference.

                                          Respectfully submitted,

                                          **NORRIS, MCLAUGHLIN & MARCUS**

                                          /S/ DANIEL R. GUADALUPE

                                          **JONES DAY**

                                          /S/ KEVIN D. MCDONALD

cc (via ECF and courtesy e-mail):
      Arnold B. Calmann, Esq.
      Jakob B. Halpern, Esq.
      Seth Silber, Esq.