

**Arnold B. Calmann**
**(973) 645-4824**
**abc@saiber.com**

February 4, 2015

**BY ECF & HAND DELIVERY**

Honorable Michael A. Hammer, U.S.M.J.
**Martin Luther King, Jr. Federal Building
      & U.S. Courthouse**
Court Room MLK 3C
50 Walnut Street
Newark, New Jersey 07101

      Re:   *Mylan Pharmaceuticals Inc. v. Celgene Corp.*
              **Civil Action No. 14-2094 (ES) (MAH)**

Dear Judge Hammer:

      Our firm, along with Wilson Sonsini Goodrich & Rosati, represents plaintiff Mylan Pharmaceuticals, Inc. ("Mylan") in the above matter. We write to respond to Defendant Celgene Corporation's ("Celgene") February 2 letter to the Court, which requests "guidance" on filing a motion to stay this case (D.E. No. 70).

      Mylan opposes staying discovery in this case. Celgene's extraordinary stay request runs contrary to the well-settled judicial policy disfavoring blanket stays pending interlocutory appeals and finds no support in any of the relevant factors governing stays of district court proceedings. Moreover, as the Court is aware, Mylan's antitrust claims are premised on the fact that Celgene repeatedly delayed Mylan's efforts to develop a generic equivalent to its products. Celgene's request to stay discovery is yet another component of its delay tactic. Discovery has already been delayed for nearly a year, and Celgene cannot identify a legally compelling reason why it should not move forward at this time. Therefore, this Court should deny any request for a stay and permit discovery to immediately commence.

      The interlocutory appeal statute provides that "application for an appeal hereunder ***shall not stay proceedings*** in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b) (emphasis added). The statute thus makes clear that the default is for the case to continue as scheduled while the appeal is pending other than under the standards generally applicable to stays pending appeal.

      "The stay of a civil proceeding is an extraordinary remedy and is not favored." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 476 (D.N.J. 2010). The factors considered in granting any stay pending further review, which Celgene fails to acknowledge, are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant

Honorable Michael A. Hammer, U.S.M.J.
February 3, 2015
Page 2

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *See also D.L. v. District of Columbia*, 6 F. Supp. 3d 133, 135 (D.D.C. 2014); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 91 (D.D.C. 2012).

Applying these factors, discovery in this case should proceed as contemplated by the parties' Joint Discovery Plan (as well as Section 1292(b)). This is especially so in light of Celgene's failure to even attempt to show the second factor, irreparable harm. Celgene's entire argument on harm is that "[s]tarting discovery at this point would be very expensive and time-consuming[.]" D.E. No. 70 at 2. But multiple courts have acknowledged that "litigation expenses alone are generally insufficient to establish irreparable harm." *Robins v. Spokeo, Inc.*, Case No. 2:10-cv-05306-ODW(AGRx), 2014 U.S. Dist. LEXIS 77589, at *5 (C.D. Cal. June 3, 2014). *See also, e.g.*, *Thorpe v. District of Columbia*, Civil Action No. 10-2250 (ESH), 2014 U.S. Dist. LEXIS 109424, at *13 (D.D.C. Aug. 8, 2014); *EEOC v. Cons. Freightways Corp. of Del.*, 312 B.R. 657, 660 (W.D. Mo. 2004). Celgene identifies no special consideration applicable here that would not apply to any other case, so its failure to identify any irreparable harm from allowing discovery to move forward alone justifies denial of a stay.

Moreover, Celgene is unlikely to prevail in its appeal. In the first place, the Third Circuit is likely to refuse to accept the interlocutory appeal. Circuit courts routinely reject petitions for 1292(b) appeals. *See In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 n.7 (E.D. Pa. 2010) (noting denial of interlocutory appeal by Third Circuit despite district court certification in *In re Chocolate Confectionary Antitrust Litig.*, No. 09-8027 (3d Cir. May 14, 2009)). This case would be an especially poor candidate for interlocutory appeal given the fact-intensive nature of antitrust analysis and the case's very early stage. *See* D.E. No. 62 at 1 & 4-7. In light of the low likelihood that the Third Circuit will take up the interlocutory appeal, it makes no sense to allow Celgene to further delay this case (and competition on the merits) by staying discovery before the Third Circuit has even decided whether to accept this interlocutory appeal.

And even if the Third Circuit takes the appeal, it will likely affirm Judge Salas' well-reasoned rejection of Celgene's argument. As discussed in Mylan's briefing and in the Court's motion to dismiss order, the Supreme Court has not required a prior course of dealing for refusal to deal claims, and the *Otter Tail* and *Broadcom* cases are inconsistent with any such requirement. *See* D.E. No. 62 at 13-16; D.E. No. 56 at 10-18, & 32-33. Further, none of the out-of-circuit precedent Celgene relies on considers the circumstances presented here, where a defendant uses a network of exclusionary contracts and the obstacles posed by the pharmaceutical regulatory system to supplement the anticompetitive effects of its unilateral refusal to deal. *See* D.E. No. 62 at 8-10. Every court faced with the REMS abuse context here has found that the complaint stated a claim. *See id.* at 14 (citing *Actelion Pharm. Ltd. v. Apotex, Inc.*, No. 12-5743, D.E. Nos. 90 & 93 (D.N.J. Oct. 23, 2013) (Hillman, J.) & *Lannett Co. v. Celgene Corp.*, No. 08-3920, D.E. No. 42 (E.D. Pa. Mar. 30, 2011)). Mylan's Complaint, moreover, is supported by an *amicus* brief from the Federal Trade Commission. *See* D.E. No.

Honorable Michael A. Hammer, U.S.M.J.
February 3, 2015
Page 3

26-1.  So even if the Third Circuit allows the appeal, it will very likely affirm this Court's motion to dismiss order.

The appeal also will not dispose of the case.  *See* D.E. 62 at 11-13.  Should the Third Circuit take the appeal, Mylan will certainly cross-appeal to reinstate its Section 1 claims.  Since discovery on those claims would overlap substantially with discovery on the Section 2 claims, reinstatement of those claims would largely eliminate any cost savings to Celgene from dismissal of Mylan's Section 2 claims.  And Mylan's essential facilities claims will remain in the case, for Celgene's proposed appellate issue would not disturb that theory, which hinges on lack of access to the facility rather than any prior course of dealing.  Since the regulatory regime here does not provide for access, *Trinko* simply does not apply to Mylan's essential facilities claims, so Mylan's Section 2 case will go forward in some form regardless of how the Third Circuit handles Celgene's appeal.  *See Actelion*, D.E. No. 93 at 115:22-23 ("The FDA is not the FCC. It's a different environment.").

Given the lack of irreparable harm to Celgene and the low likelihood that its appeal would succeed, the harm to Mylan from continued delay in this case strongly favors allowing discovery.  As alleged in the Complaint, Celgene has unlawfully maintained its monopoly by deliberating drawing out negotiations for drug samples, requiring Mylan to comply with increasingly unreasonable requests for years and years, with no intention of ever actually providing Mylan with those samples. These actions have allowed Celgene to maintain a monopoly over the important medications at issue here.  Celgene should not be allowed to further profit from intentionally stalling and illegally excluding competition.  Further, many of Defendant's wrongful actions are now years in the past, and allowing more time to elapse before discovery proceeds provides more time for memories to fade and evidence to become lost.  Starting discovery now will ensure as much evidence as possible is marshalled to decide the merits of this case in the highly likely event that it goes forward to trial.

Finally, there is unquestionably a "public interest in vigilant enforcement of the antitrust laws through the instrumentality of the private treble-damage action."  *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329 (1955).  That interest would be served by allowing discovery to proceed so that Celgene's anticompetitive conduct may be ended as soon as possible.

Since no relevant factor favors a stay of discovery, this Court should allow discovery to proceed without further delay.  We thank the Court for its consideration of this matter.

Respectfully submitted,

/s Arnold B. Calmann

Arnold B. Calmann

ABC/jbh

cc:     All Counsel of Record (by ECF & email)