

**Jakob B. Halpern**
(973) 622-8394
jbh@saiber.com

October 28, 2015

**BY ECF & FEDERAL EXPRESS**

Honorable Michael A. Hammer, U.S.M.J.
Martin Luther King, Jr. Federal Building & U.S. Courthouse
Court Room MLK 3C
50 Walnut Street
Newark, New Jersey 07101

  Re: *Mylan Pharmaceuticals Inc. v. Celgene Corp.*
     <u>Civil Action No. 14-2094 (ES) (MAH)</u>

Dear Judge Hammer:

  Our firm, along with Wilson Sonsini Goodrich & Rosati, represents plaintiff Mylan Pharmaceuticals Inc. ("Mylan") in the above matter. We respectfully submit the within letter in brief response to defendant Celgene Corporation's October 27, 2015 letter application concerning the filing of a reply brief in further support of its Motion to Seal (ECF No. 136).

  Celgene asserts that it wishes to reply to Mylan's brief opposition to its Motion to Seal (ECF No. 130) "[i]n view of the risks associated with potential disclosure of the highly confidential information and documents of Celgene at issue." But Mylan opposed specific portions of Celgene's Motion to Seal (ECF No. 120) on just two limited grounds, neither of which implicate Celgene's supposed risks: (1) that the hearing binder was neither admitted into evidence nor published to the Courtroom, and therefore did not require sealing; and (2) that it was premature to seal Mylan's October 23, 2015 responsive discovery dispute letter brief because it had not yet been filed.

Honorable Michael A. Hammer, U.S.M.J.
October 28, 2015
Page 2

In the first instance, Mylan's opposition letter clearly stated:

> Mylan does not object to a finding that the materials in the binder that Celgene requests to seal are confidential. However, the binder was neither admitted into evidence nor published to the Courtroom.

If Mylan is correct and the binder does not require sealing due to these reasons, then there is no risk of potential disclosure. (In contrast, if the Court determines that the binder may be sealed, then Celgene's concerns should likewise be satisfied by Mylan's non-opposition to a finding of confidentiality.) In the second instance, any fears Celgene may have had should have been eliminated when Mylan timely filed its Motion to Seal its responsive letter brief. (ECF No. 132.) For these reasons, Mylan asserts that there are no "risks" and that it is entirely unnecessary for Celgene to trouble the Court with its proposed reply brief.[1]

We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

Jakob B. Halpern

/jbh

cc: All Counsel of Record (by ECF & email)

---

[1] By omitting the time of its request to Mylan for consent to the filing of a reply brief, Celgene's letter also implies that Mylan ignored Celgene's request. But Celgene first requested Mylan's consent only about three hours before its filing. To assert that Mylan was somehow "non-responsive," which Celgene uses as an excuse for communicating with this Court, is factually insupportable.