

**Saiber**

ATTORNEYS AT LAW

**Jakob B. Halpern**
**(973) 622-8394**
**jbh@saiber.com**

November 11, 2015

**BY ECF & FEDERAL EXPRESS**

Honorable Michael A. Hammer, U.S.M.J.
Martin Luther King, Jr. Federal Building & U.S. Courthouse
Court Room MLK 3C
50 Walnut Street
Newark, New Jersey 07101

Re:   ***Mylan Pharmaceuticals Inc. v. Celgene Corp.***
      ***Civil Action No. 14-2094 (ES) (MAH)***

Dear Judge Hammer:

Our firm, along with Wilson Sonsini Goodrich & Rosati, represents plaintiff Mylan

Pharmaceuticals Inc. ("Mylan") in the above matter.  We respectfully submit this letter to request

that the Court defer the deadline, as determined by Paragraph 29 of the Discovery

Confidentiality Order, Dkt. 90 (amended by Dkt. 94) ("DCO"), by which Mylan must challenge

Celgene Corp.'s ("Celgene") recent claims of privilege regarding three documents that were

inadvertently produced to Mylan in unredacted form.  Celgene consents to Mylan's request and

entry of the enclosed related Consent Order Amending Briefing Deadlines on Motion by Mylan

Challenging Celgene's Privilege Claims Regarding Three Documents ("Consent Order").

As explained in detail below, Mylan's recent discovery of Celgene's inadvertent

production of materials Celgene claims to be privileged triggers a process in which Mylan, if it

chooses to do so, is obligated to challenge Celgene's privilege claim by November 16, 2015, or

Mylan risks waiving its right to challenge with regards to these documents.  For the reasons

stated herein, such a motion by Mylan would be premature because the discovery Mylan believes

Honorable Michael A. Hammer, U.S.M.J.
November 11, 2015
Page 2

it needs to challenge the privilege claims, in particular deposition testimony by the individuals

that created and received the materials alleged to be privileged, has not yet been adduced.

Therefore Mylan respectfully requests this Court defer the deadline by which Mylan must file a

motion concerning these claims until fourteen (14) days after the fact discovery deadline

(currently set for February 2, 2016).

**Relevant Sections of the DCO**

Section G (Paragraphs 27-31) of the DCO governs the "Inadvertent Production of

Privileged Material." Dkt. 90. Given the voluminous amount of documents produced in

complex litigation like this, this section accounts for the situation in which a party inadvertently

produces material that it would otherwise claim as privileged and should have been withheld or

redacted. Section G ensures that such an inadvertent production does not cause waiver of a

party's right to claim privilege. *Id.* ¶ 27. Furthermore, a party that discovers materials that it has

reason to believe were inadvertently produced by the "Protected Person" must notify the

Protected Person within five business days of discovery. *Id.* ¶ 30.

Upon discovery of an apparent inadvertent production, Paragraph 30 of the DCO

describes the applicable deadlines:

> 30. The receiving party shall notify the producing Party . . . of any
> discovery of any apparently privileged materials within five (5)
> business days of such discovery and shall return all copies or
> reproductions of the suspected privileged material to the producing
> Person within three (3) business days upon request.

However, just as an inadvertent production of materials does not waive a Protected

Person's right to claim privilege regarding those materials, notification and return of

Honorable Michael A. Hammer, U.S.M.J.
November 11, 2015
Page 3

inadvertently produced materials does not waive a receiving party's right to challenge the privilege claim. *Id.* ¶ 31. But the DCO appears to make mandatory that a receiving party file any motion challenging the privilege claim regarding inadvertently produced materials within a certain amount of time. The relevant portion is in Paragraph 29:

> 29. If the receiving Party contends a Document . . . is not privileged, within three (3) business days of receiving notice of the inadvertent production the receiving Party shall notify the producing Person that it intends to move for an order allowing the use of an inadvertently produced privileged Document . . . in the litigation pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Once the receiving Party notifies the producing Person that it intends to move for an order that the Document . . . in question is not properly subject to any privilege claim, it must file its motion within fourteen (14) days of providing such notice.

To summarize, a party that discovers an inadvertent production must notify the producing party within five business days. After the producing party confirms that the materials were inadvertently produced and requests return of the materials, the receiving party has three business days to both return the materials and notify the producing party that it intends to make a motion to the Court challenging the privilege claim. Fourteen days later, the receiving party must file its motion. Thus, under the terms of the DCO, a receiving party that discovers the inadvertent production of another party has no choice but to seek relief from the Court promptly after discovery of the production.

**Mylan Discovery of Celgene's Inadvertent Production**

On October 21, 2015, counsel for Mylan discovered that Celgene produced unredacted copies of materials for which Celgene had asserted privilege claims regarding other copies.

Honorable Michael A. Hammer, U.S.M.J.
November 11, 2015
Page 4

Mylan recognized that the documents at issue may have been produced inadvertently. Accordingly and pursuant to Paragraph 30 of the DCO, Mylan notified Celgene of its seemingly inadvertent production of the materials on October 27, 2015, five business days after Mylan discovered them. *See* Ex. 1. On October 28, 2015, Celgene requested Mylan return these documents (and an additional copy of one of the documents, CELMN-PASM-000030594) and confirmed that they are copies of materials withheld or redacted elsewhere in Celgene's production. *See* Ex. 2. Pursuant to Paragraphs 28 and 30, Mylan complied with this request three business days later on November 2, 2015. Additionally, pursuant to Paragraph 29, Mylan informed Celgene that Mylan intends to move for an order that the documents in question are not properly subject to any privilege claim. *See* Ex. 3.

Absent Court intervention, Mylan would have fourteen (14) days from November 2, 2015 to move for an order allowing it to use the inadvertently produced documents in this litigation or risk waiving its right to challenge. Dkt. No. 94 at ¶ 29. Mylan requested Celgene stipulate to deferring the deadline for Mylan to file such a motion, and Celgene consented.

**It is Premature for Mylan to Move to Challenge Celgene's Privilege Claim**

Mylan believes it will have good cause to challenge Celgene's privilege claims regarding the materials at issue. However, the record in this litigation is not yet ripe to properly or efficiently meet and confer or engage in motion practice to challenge these privilege claims. Discovery is ongoing, and with respect to the documents at issue here, Mylan believes a fuller record is necessary to address Celgene's privilege assertions regarding these documents. Celgene consents to deferral of the applicable deadline until after fact discovery ends.

Honorable Michael A. Hammer, U.S.M.J.
November 11, 2015
Page 5

**Conclusion**

For the reasons stated above, Paragraph 29 of the DCO, which appears to mandate that Mylan move now to challenge Celgene's claim (at a stage when discovery is still in a nascent stage) provides Mylan an untenable dilemma: either move for relief now without the benefit of a developed record on which to base its motion or risk waiving its ability to challenge Celgene's claims at all. Therefore, Mylan requests that the Court defer the deadline by which Mylan may submit a motion challenging Celgene's privilege claims regarding CELMN-PASM-000030573, CELMN-PASM-000014179, and CELMN-PASM-000030594, without waiver of the parties' right to challenge the privilege claim later, until the parties have conducted sufficient discovery to properly address the relevant issues. Mylan respectfully requests that the deadline be set at fourteen (14) days following the end of fact discovery, and that the Court enter the enclosed Consent Order accomplishing same.

However, in the alternative, if the Court does not grant Mylan's unopposed request to defer the deadline, Mylan respectfully requests that it have fourteen (14) days from the date of the Court's Order on this letter to submit a motion challenging Celgene's privilege claims regarding the documents at issue.

Honorable Michael A. Hammer, U.S.M.J.
November 11, 2015
Page 6

We thank the Court for its consideration in this matter. We are available at the Court's

convenience if an in-person or telephone conference would assist the Court.

Respectfully submitted,

Jakob B. Halpern

/jbh
Enclosure

cc:     All Counsel of Record (w/encl., by ECF & email)

# EXHIBIT 1

**Elizabeth Jackson**

| | |
|---|---|
| **From:** | Bank, Jeffrey <jbank@wsgr.com> |
| **Sent:** | Tuesday, October 27, 2015 7:17 PM |
| **To:** | Rosanna K McCalips |
| **Cc:** | Arnie Calmann; Coffman, Brendan; Armour, Courtney; drguadalupe@nmmlaw.com; Eric S Jacobi; Jakob B. Halpern; Kevin D. McDonald; Comerford, Roisin; Corp, Robert; Silber, Seth; William V O'Reilly |
| **Subject:** | Mylan Pharmaceuticals, Inc. v. Celgene Corp., 2:14–cv-02094 - Potential Celgene Inadvertent Production |

Rosanna,

Pursuant to Section G, Paragraphs 27, 30, and 31 of the Discovery Confidentiality Order, Dkt. No. 90, Mylan hereby notifies Celgene that Celgene appears to have produced unredacted copies of materials for which you have otherwise asserted privilege claims. The unredacted documents are CELMN-PASM-000014179 and CELMN-PASM-000030573. By notifying Celgene, Mylan expressly does not waive its right, at any time, to challenge Celgene's basis for asserting privilege over these documents (or parts of these documents) or other related materials.

Please advise us promptly as to whether Celgene does indeed contend that these documents are privileged and requires return of the documents. We expect that pursuant to Paragraph 27, along with notice to return the documents, Celgene will provide an updated privilege log reflecting its claims over these particular documents.

Best regards,
Jeff


Jeffrey Bank
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Direct Dial: 212-497-7761
jbank@wsgr.com
www.wsgr.com

# EXHIBIT 2

# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C. 20001.2113
TELEPHONE: +1.202.879.3939  •  FACSIMILE: +1.202.626.1700

DIRECT NUMBER: (202) 879-3898
RKMCCALIPS@JONESDAY.COM

October 28, 2015

VIA ELECTRONIC MAIL

Seth Silber, Esq.
Wilson Sonsini Goodrich & Rosati
1700 K St., N.W.
Fifth Floor
Washington, D.C. 20006-3817
(202) 973-8800
ssilber@wsgr.com

      Re:   *Mylan Pharmaceuticals, Inc. v. Celgene Corporation*
          U.S.D.C. District of New Jersey
          2:14-cv-02094-ES-MAH

Dear Seth:

Pursuant to § G of the Discovery Confidentiality Order (Dkt. No. 90) ¶ 27, I write to request that you return or destroy all copies of the documents bearing the following bates numbers:

CELMN-PASM-000014179 through CELMN-PASM-000014241

CELMN-PASM-000030573; and

CELMN-PASM-000030594.

As noted in the October 27, 2015 email from Jeff Banks, CELMN-PASM-000014179 and CELMN-PASM-000030573 are unredacted copies of documents Celgene redacted for privilege elsewhere in the production. CELMN-PASM-000014179 and CELMN-PASM-000030573 reflect privileged material and were inadvertently produced in unredacted form. We have also identified another copy of one of these documents, CELMN-PASM-000030594, which also was inadvertently produced without redactions.

Pursuant to ¶ 28 of the Discovery Confidentiality Order, please return the above-referenced documents or confirm in writing that all such copies of these documents and any notes, excerpts, summaries, or any other materials containing information from these documents have been destroyed.

ALKHOBAR  •  AMSTERDAM  •  ATLANTA  •  BEIJING  •  BOSTON  •  BRUSSELS  •  CHICAGO  •  CLEVELAND  •  COLUMBUS  •  DALLAS
DETROIT  •  DUBAI  •  DÜSSELDORF  •  FRANKFURT  •  HONG KONG  •  HOUSTON  •  IRVINE  •  JEDDAH  •  LONDON  •  LOS ANGELES
MADRID  •  MEXICO CITY  •  MIAMI  •  MILAN  •  MOSCOW  •  MUNICH  •  NEW YORK  •  PARIS  •  PERTH  •  PITTSBURGH  •  RIYADH
SAN DIEGO  •  SAN FRANCISCO  •  SÃO PAULO  •  SHANGHAI  •  SILICON VALLEY  •  SINGAPORE  •  SYDNEY  •  TAIPEI  •  TOKYO  •  WASHINGTON

JONES DAY

Seth Silber, Esq.
October 28, 2015
Page 2

Pursuant to ¶ 27 of the Discovery Confidentiality Order, we will promptly provide appropriately redacted replacement copies and a supplemental privilege log for these documents.

Thank you for your cooperation.  Please let me know if you have any questions.

Very truly yours,

/s/

Rosanna K. McCalips

cc:    Kevin D. McDonald, Esq.

# EXHIBIT 3

## Elizabeth Jackson

| | |
|---|---|
| **From:** | Bank, Jeffrey <jbank@wsgr.com> |
| **Sent:** | Monday, November 2, 2015 7:41 PM |
| **To:** | Kurtzer-Ellenbogen, David |
| **Cc:** | Greenblum, Benjamin; Schmidtlein, John; Silber, Seth; Coffman, Brendan; Armour, Courtney; Weick, Daniel; Rosanna K McCalips; drguadalupe@nmmlaw.com; Eric S Jacobi; Kevin D. McDonald; William V O'Reilly; Arnie Calmann; Jakob B. Halpern |
| **Subject:** | Mylan v. Celgene: Summary of 11.2.15 Call and Outstanding Issues Between Parties |
| **Attachments:** | RE: Proposed Form of Order; Mylan Pharmaceuticals, Inc. v. Celgene Corp., 2:14-cv-02094 - Proposed Amended DCO; 2015.10.26 - B. Coffman ltr to R. McCalips re Production.pdf; 2015.10.21 Celgene Responses to 2nd RFAs.pdf; 2015.10.21 Celgene Responses to 4th RFPs.pdf; Mylan Pharmaceuticals, Inc. v. Celgene Corp., 2:14-cv-02094 - Third Party Subpoena; Re: Mylan Pharmaceuticals, Inc. v. Celgene Corp., 2:14-cv-02094 - Potential Celgene Inadvertent Production; 2015.06.10_Stipulated Discovery Confidentiality Order_(palib1_7451935_1).PDF |

Dear David,

Thank you for speaking today.  We understand from you that counsel from Williams & Connolly was retained by Celgene last week and therefore is not up to speed yet on the numerous outstanding issues between the parties.  Below is a list of these issues we discussed today.  You stated that you've already received many, if not all, of the emails/documents relating to these issues, but we include them again here so as to avoid further delay.  If there are any materials you believe you don't have, please let us or Jones Day know.

We also understand that Williams & Connolly will be the primary contact for Celgene going forward (though you stated that it was not yet known if Jones Day would be withdrawing), but because we are in the middle of issues for which we have been corresponding with Jones Day, we have included counsel from both firms here.

Finally, we appreciate your acknowledgment of Mylan's position that the addition of Williams & Connolly as counsel for Celgene – at this stage in the case, with just 3 months left to conduct fact discovery – should not impact any of the deadlines in the case, including the February 2, 2016 discovery deadline.  If Celgene intends to seek an extension of any aspect of the schedule, we reserve the right to seek guidance from the Court on this issue.  Ultimately, substitution of Celgene's counsel should not be to the detriment of Mylan by causing delay of the litigation.  We expect that Celgene, Jones Day, and Williams & Connolly will expeditiously transfer the requisite institutional knowledge about this litigation so that the case can proceed as specified in the Court's prior orders.

As we noted on the call today, we think setting up another call this week makes sense to ensure that these issues are timely addressed.  Celgene wouldn't commit to a day/time for a call.  Please let us know if you have reconsidered so we can find a time this week.

Regards,
Jeff


I.       **Depositions**.
         Mylan served notice to Celgene on 10.2.15 regarding depositions for Messrs. Cavanaugh, Freeman, Barer, Brown, Thomas.  Celgene refused to accept service for the latter three on a phone call on 10.14.15, on the basis that they are not current employees.  Celgene also stated that they did not know if they would

represent Messrs. Barer, Brown, or Thomas. Mylan told Celgene on the call that it would proceed with Rule 45 subpoenas and confirmed that service was completed via email on 10.20.15 (attached). Mylan also asked for availability for Messrs. Cavanaugh/Freeman both on the 10.14.15 call and in the 10.20.15 email.

On today's call, Celgene agreed to get back to Mylan about availability for Messrs. Cavanaugh and Freeman, as well as availability for Messrs. Barer, Brown, and Thomas. As noted, the February 2, 2016 fact discovery deadline (along with the holidays between then and now) means the parties must move quickly to schedule depositions. Because of Celgene's delay in responding to the deposition notices/subpoenas, it appears that the depositions may not occur on the dates on the deposition notices/subpoenas.

<u>Therefore, please provide as many dates as possible for the five individuals in both November and December.</u>

You stated that Celgene and its counsel had not yet decided whether it would represent the three former employees. Mylan noted that if the individuals are not represented by counsel, it reserved the right to directly contact the individuals. <u>Mylan requested that Celgene inform it by Friday, November 6 if it would be representing Messrs. Barer, Brown, and Thomas.</u>

I also noted that Mylan intended to serve additional notices of deposition/subpoenas this week. We are conferring internally, but will identify the additional deponents soon.

II.   **Outstanding Productions.**
*Celgene's Production*: I noted that Jones Day had confirmed both on a call a few weeks ago and in the attached 10.19.15 email that Celgene intended to produce documents encompassed by Paragraphs 3, 5, and 7 of the Judge's Order by November 19. <u>You agreed to get back to us and confirm the date of production.</u>

*Mylan's Production*: I explained that Mylan had already produced the insurance agreements before the 10.5.15 hearing during which the Court ordered production of the documents. Mylan will be making another supplemental production of other documents on November 19.

III.   **Amended Discovery Confidentiality Order ("DCO").**
On 10.27.15, I emailed a proposed amended DCO to Jones Day (attached). The limited amendments are intended solely to address confidentiality concerns of non-parties. Specifically, the amendments permit non-parties to designate produced materials as "Highly Confidential – Outside Counsels' Eyes Only" so as to avoid in-house counsel for Mylan and Celgene from viewing the materials.

This is a time-sensitive issue because failure to amend the DCO will delay productions by non-parties. <u>Please let us know by Friday, November 6 if Celgene will stipulate to the amendments, or if it has edits. If we do not hear from you by November 6, we will assume Celgene opposes, and Mylan reserves the right to present this to the Court (noting Celgene's opposition).</u>

IV.   **Meet & Confer re Celgene Responses and Objections to 2nd RFAs and 4th RFPs (attached).**
The parties discussed today Mylan's request for a meet and confer. <u>Please let us know promptly (1) if Celgene intends to amend its responses; or if not, (2) when you are available for a meet and confer call.</u>

Wednesday, November 4, is relatively open for us, so if that works for you, I suggest we have the call then.

V.   **Metadata Issues in Celgene's Production.**
Mylan sent Celgene a letter on 10.26.15 regarding metadata issues. <u>Please let us know if and when Celgene will be providing the missing metadata.</u>

VI.     **Celgene's Inadvertent Production**.

I have attached Jones Day's 10.28.15 email/letter regarding the inadvertent production (on which you were copied); this was the response to my 10.27.15 email. As discussed on today's call:

- Pursuant to Paragraph 28 of the DCO (Dkt. 90, amended by Dkt. 94), Mylan hereby certifies that all copies of CELMN-PASM-000014179 (through CELMN-PASM-000014241), CELMN-PASM-000030573, and CELMN-PASM-000030594 have been destroyed. All notes, excerpts, summaries, and any other materials containing information from these documents, to the extent they existed, have been destroyed.

- Pursuant to Paragraph 29 of the DCO, Mylan hereby notifies Celgene that it intends to move for an order allowing the use of these inadvertently produced materials pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and all other rights afforded to it by applicable law, regulation, or court order.

- Pursuant to Paragraph 29 of the DCO, it appears that Mylan may be obligated to make the motion referenced above within fourteen days of providing this notice. Mylan reserves its right to argue that the DCO is not clear whether, by not filing such a motion within 14 days and instead filing such a motion at a later date, it would waive its right to challenge Celgene's privilege claim over these materials. However, Mylan intends to request that the Court order the deadline for such a motion to be deferred until the end of fact discovery. The parties are still in the middle of document production and no depositions have taken place, so it would be inefficient and improper for such a motion to be heard now.

    Please let us know by COB Tuesday November 3 if Celgene will stipulate to deferring the deadline by which Mylan must file a motion regarding these materials.

\*\*\*\*\*\*