UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYLAN PHARMACEUTICALS INC., <br> Plaintiff, <br> v. <br> CELGENE CORPORATION, <br> Defendant. | Civil Action No. 14-2094 (ES) (MAH) <br><br> **ORDER GRANTING MYLAN'S UNOPPOSED MOTION TO SEAL** <br><br> *Document Electronically Filed* |

**THIS MATTER** having been brought before the Court upon the Motion of Plaintiff Mylan Pharmaceuticals Inc. ("Mylan"), pursuant to Local Civil Rule 5.3(c), to permanently seal portions of the transcript of the recorded opinion by Magistrate Judge Michael A. Hammer on April 20, 2017 (Dkt. No. 247), which was filed under temporary seal ("the Confidential Information"); and Mylan having reported to the Court that Defendant Celgene Corporation ("Celgene") does not oppose and instead consents to entry of the within Order; and the Court having considered the papers submitted in support of the within Motion; and the Court having found that the standards of Local Civil Rule 5.3(c)(2) have been met and support the sealing of the Confidential Information as set forth below; and for the reasons set forth in the record of the proceedings, and for other and good cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

I. **The Nature of the Materials or Proceedings at Issue**

    A. **Findings of Fact**

        1. Mylan seeks to permanently seal its Confidential Information.

        2. Local Civil Rule 5.3(c) requires the moving party to show:

(a) the nature of the materials or proceedings at issue;

    (b)    the legitimate private or public interests which warrant the relief sought;

    (c)    the clearly defined and serious injury that would result if the relief sought is not granted; and

    (d)    why a less restrictive alternative to the relief sought is not available.

3. The Confidential Information that is the subject of this Motion was designated as "CONFIDENTIAL," "AEO," or "OAEO" pursuant to a Discovery Confidentiality Order in place in this matter (Dkt. No. 164).

### B. Conclusions of Law

4. Common law recognizes a public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

5. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

## II. The Legitimate Private or Public Interest That Warrants the Relief Sought

### A. Findings of Fact

6. The Confidential Information sought to be sealed consists of information that Mylan asserts is confidential and proprietary.

7. Mylan has an interest in not publicly disclosing this information, and relies on such information to gain a competitive advantage in the pharmaceutical industry.

B. **Conclusions of Law**

8. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

9. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

10. The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

### III. Clearly Defined and Serious Injury Would Result if the Relief Sought Is Not Granted

#### A. Findings of Fact

11. As it consists of non-public trade secrets that are otherwise unavailable to third parties, the public disclosure of the Confidential Information would pose a substantial risk of harm to Mylan's legitimate proprietary interests and competitive position.

12. If the Confidential Information were to become publicly available, Mylan's competitors could potentially use that information in the highly competitive generic pharmaceutical marketplace.

#### B. Conclusions of Law

13. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

14. Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071.

### IV. No Less Restrictive Alternative is Available

#### A. Findings of Fact

15. Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. The request to seal the Confidential Information is tailored to restrict access only to Mylan's confidential and proprietary nonpublic trade secrets.

16. The disclosure of this confidential, proprietary information would pose a financial and competitive risk to Mylan. Accordingly, the only way to protect its confidential interests is to seal the Confidential Information.

17. Only those portions of the transcript of the recorded opinion by Magistrate Judge Michael A. Hammer on April 20, 2017 (Dkt. No. 247) containing confidential and proprietary trade secrets will be sealed.

### B. Conclusions of Law

18. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g., In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

19. Under Local Civil Rule 5.3(c)(2), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

20. For all the above reasons, because Mylan's interests in its Confidential Information identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion to Seal with respect to Mylan's Confidential Information identified below.

**THEREFORE**, for the above reasons, it is on this __19th__ day of __June__, 2017,

**ORDERED** that Mylan's unopposed Motion, pursuant to Local Civil Rule 5.3(c), to permanently Seal portions of the transcript of the recorded opinion by Magistrate Judge Michael A. Hammer on April 20, 2017 (Dkt. No. 247), which was filed under temporary seal, is hereby **GRANTED**; and it is further

**ORDERED** that the transcript of the recorded opinion by Magistrate Judge Michael A. Hammer on April 20, 2017 (Dkt. No. 247) that is redacted in Exhibit A to Mylan's Notice of Motion shall be permanently sealed and maintained under seal by the Court; and it is further

**ORDERED** that the Clerk shall electronically file on the docket the copy of the transcript of the recorded opinion by Magistrate Judge Michael A. Hammer on April 20, 2017 (Dkt. No. 247) found at Exhibit A to Mylan's Notice of Motion, which are redacted consistent with this Order.

**SO ORDERED**

*s/Michael A. Hammer*
Michael A. Hammer, U.S.M.J.

Date: _____
HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE