UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

December 13, 2017

### LETTER ORDER re: ITINERARY FOR ORAL ARGUMENT

Re: *Mylan Pharmaceuticals Inc. v. Celgene Corporation*,
Civil Action No. 14-2094 (ES) (MAH)

Dear Counsel:

The Court anticipates that oral argument will proceed in the following order:

(1) Does the "rule of reason" burden-shifting framework apply? If so, how does that framework apply in the context of the pending summary judgment motion?

(2)
   a. Can Celgene be held liable for conduct before FDA "approval" of Mylan's protocols?
   
   b. Can Celgene be held liable for conduct after FDA "approval" of Mylan's protocols?

(3)
   a. What is Mylan's current damages theory for Revlimid®? In particular, what does Exhibit 99 provide in that regard?
   
   b. What is Mylan's new request for a damages theory relating to Revlimid®—and why should the Court consider it?

(4) Does Celgene's statute-of-limitations defense bar Thalomid®-related claims? In particular, is there a reason based in law or evidence supporting that "damages for generic entry are not 'unascertainable' up to the moment of market entry"? (*See* D.E. No. 240 at 19).

(5) Is there a genuine issue of material fact that Mylan would have "skinny labeled" in light of Celgene's orphan drug exclusivity for Thalomid®?

1

(6) If the Court finds that Celgene *can* be held liable for conduct *after* FDA "approval" of Mylan's protocols, do Mylan's New Jersey law claims necessarily survive?

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**